UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

WILLIAM STRASER

Plaintiff,

v.

CITY OF ATHENS
GENE MCCONKEY in his individual
capacity and in his official capacity as
Building Inspector for the City of Athens, and
CHRIS TREW in his individual
capacity and in his official capacity
as the City of Athens Attorney,

Defendants.

CIVIL CASE NO: 3:18-CV-

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff William Straser, by and through undersigned counsel, and brings this Complaint against Defendants City of Athens, Gene McConkey, and Chris Trew for discrimination and violations of Plaintiffs' right to equal protection under the law, as protected by the 5th and 14th Amendments to the Constitution of the United States.

In support of this Complaint the Plaintiff alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. Remedies are provided by 42 U.S.C. § 1983.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that form the basis for this Complaint primarily occurred in this district.

## Parties

3. Plaintiff William Straser is a citizen and resident of the state of Tennessee, currently residing in McMinn county and the City of Athens. Mr. Straser is Caucasian male and a Christian.

4. Defendant City of Athens is a political subdivision of the State of Tennessee, as established and governed by Tennessee State law.

5. Defendant Gene McConkey is an individual and resident of the state of Tennessee. Upon information and belief Mr. McConkey currently resides in McMinn County. At all times relevant to this lawsuit Mr. McConkey was an agent for the City of Athens, serving as Building Inspector. Defendant McConkey is sued both in his individual capacity and in his official capacity as Building Inspector for the City of Athens.

6. Defendant Chris Trew is an individual and resident of the state of Tennessee. Upon information and belief Mr. Trew currently resides in McMinn County. At all times relevant to this lawsuit Mr. Trew was the City of Athens Attorney. Defendant Trew is sued both in his individual capacity and in his official capacity as the City of Athens Attorney.

## Facts

7. On July 17, 2009 Mr. Straser visited the City of Athens Community Development Department to discuss city requirements for a construction project the plaintiff was planning for his residence, located at 637 Sunview Drive, in Athens Tennessee. Upon information and belief, Mr. Straser spoke with then Director of Community Development Dr. Harold Hunter. Mr. Straser informed Dr. Hunter that he was planning to pour a new driveway and put up a carport. Mr. Straser inquired what, if

any, restrictions or requirements the city had for such a project. Dr. Hunter printed an aerial view of the plaintiff's residence and surrounding properties. Said printout is dated July 17, 2009, has the seal of the City of Athens, and indicates "Prepared by the Community Development Department City of Athens." The printout is attached as exhibit 1 to this complaint. On the printout Dr. Hunter indicated to the plaintiff a line running parallel to the road in front of all residences on plaintiff's side of Sunview Drive. Dr. Hunter told the plaintiff that if he stays behind that line and off of city utilities, then the plaintiff's project would not violate any of the city's restrictions.

8. During the month of September 2009 Mr. Straser returned to the City of Athens Community Development Department to again discuss city requirements for his planned construction project. On this visit Mr. Straser spoke to Code Enforcement Officer Gayle Petitt. Again, Mr. Straser informed Ms. Pettit about his planned construction project. Ms. Petitt told Mr. Straser that if he changed the roof line on his home he would need to apply for a permit. Ms. Petitt offered no further instructions to the plaintiff.

9. The plaintiff poured his new driveway and put up his new carport in late 2009.

10. On June 16, 2016 Mr. Straser's neighbor, a Mr. Kaimuddin Jatoi, received a letter from defendant Gene McConkey informing Mr. Jatoi that his carport was in violation of Athens ordinance. See letter attached as exhibit 2. The plaintiff had no knowledge of this letter until after May 15, 2017.

11. During the August 17, 2016 Athens Board of Zoning Appeals meeting the Board discussed the fact that Mr. Jatoi had contacted the Tennessee State Attorney General's Office regarding "selective targeting" of Mr. Jatoi based upon his race.

Specifically, Mr. Jatoi complained to the Attorney General's Office stating that "Mr. McConkey is 'selectively targeting' him because he is not white and his name is not Jones or Johnson." See Staff Report, attached as exhibit 3. The plaintiff had no knowledge of any information in this paragraph prior to May 15, 2017.

12. On September 21, 2016 the Athens Board of Zoning Appeals met to discuss Mr. Jatoi's application for a variance. See Minutes of meeting, attached as exhibit 4. During that meeting Mr. Jatoi testified that "everyone here, all these violations, left, right, and center, have nothing to do with enforcement of the law but except for me, and I am the only Muslim here in town." Later Mr. Jatoi testified, "Then it is also something that I want to rely on the Constitution which treats everyone in equality." The plaintiff had no knowledge of any of the information in this paragraph prior to May 15, 2017.

13. Upon information and belief, Mr. Jatoi has repeatedly complained to the City of Athens that he is being discriminatorily targeted because of his race and/or religion.

14. On July 7, 2016 the plaintiff received a letter from defendant Gene McConkey asserting that the plaintiff's carport was in violation of City of Athens Zoning Ordinance, and informing the plaintiff that he had ten days to move his carport. See letter, attached as exhibit 5.

15. On February 10, 2017 the plaintiff received another letter from defendant Gene McConkey, again asserting that the plaintiff's carport was in violation of City of Athens Zoning Ordinance and informing the plaintiff that he had ten days to move his carport. This letter was marked "**FINAL NOTICE**." See letter, attached as exhibit 6.

16. On April 25, 2017 the plaintiff received a citation from the Athens Police Department asserting that the plaintiff's carport was in violation of city ordinance. The citation purports to be from defendant Gene McConkey, however it is unsigned by the "officer/affiant." See citation, attached as exhibit 7.

17. On May 15, 2017 Mr. Straser visited with his attorney, Mr. Randy Rogers, in Mr. Rogers' office. While discussing the citation Mr. Rogers indicated that he might be able to negotiate a settlement with the city. Mr. Rogers then called City Attorney Chris Trew. Mr. Straser was still in Mr. Rogers' office with Rogers while he was on the phone with Mr. Trew. Immediately after hanging up the phone Mr. Rogers conveyed that Mr. Trew had said that he could not settle Mr. Staser's case because a Muslim (Mr. Jotoi) had been accusing the City of discriminatory enforcement and that the City was using Mr. Straser's case to prove to the Muslim that the City was enforcing the same codes against a white, non-Muslim (Mr. Straser). This was the first indication the plaintiff had that he was being targeted by the defendants because of his race and/or religion. These actions by the defendants' constitute intentional and purposeful discrimination against the plaintiff motivated by his race and/or religion.

18. Defendant Trew later successfully prosecuted the citation against Mr. Straser in Athens Municipal Court. Mr. Straser filed a timely appeal with the McMinn County Circuit Court. Mr. Trew is representing the City of Athens in said appeal. Undersigned counsel is representing Mr. Straser in said appeal. That appeal is pending at the time of filing of this complaint.

19. Mr. Jatoi has shown great interest in the City of Athens' case against Mr. Straser, calling the City for updates at least once a month since early 2017.

20. The actions taken by defendant McConkey were performed in his capacity as Building Inspector for the defendant City of Athens, and were taken while acting under color of law.

21. The actions taken by defendant Trew were performed in his capacity as City of Athens Attorney, and were taken while acting under color of law.

**FIRST CAUSE OF ACTION**
**Equal Protection**

22. The actions of the defendants, as set forth in the paragraphs above, which are fully incorporated herein, entitle the plaintiff to a remedy under 42 U.S.C. § 1983 because the defendants have, under color of state law, violated Plaintiff's clearly established rights to equal protection guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution as applied to the states and their political subdivisions.

23. Defendant City of Athens' policies and ordinances are vague, overbroad, and lack sufficient standards and safeguards to curtail the discretion of law enforcement officers, thereby allowing said officers' unbridled discretion to enforce said policies in an ad hoc and discriminatory manner.

24. The defendants, acting under color of law, intentionally deprived the plaintiff of his right to equal protection by enforcing city ordinance because of the plaintiff's religion and/or race.

25. Upon information and belief, defendants Trew and McConkey acted pursuant to the policies and/or customs of defendant City of Athens.

26. Defendant McConkey's act of citing Mr. Straser because of Mr. Straser's race or religion violated Mr. Straser's right to equal protection.

27. Defendant Trew's actions prosecuting the plaintiff and refusing to settle, solely because of the plaintiff's race or religion, violated Mr. Straser's right to equal protection.

28. As a direct result of defendants' actions, the plaintiff has suffered direct and immediate violations of his constitutional rights and is therefore entitled to injunctive and declaratory relief, damages, including punitive damages, and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of his rights and the rights of others.

## Prayer and Relief

WHEREFORE, Plaintiff respectfully demands a jury trial, for judgment in his favor and against the defendants, damages, including actual damages, punitive damages, and/or nominal damages; temporary and permanent injunctive relief; a declaration that the actions of defendants, as described herein, were and are unconstitutional and illegal, and that the same were in contravention of plaintiff's constitutional rights. Due to the intentional and outrageous acts performed by the defendant sued in his individual capacity, said acts in direct violation of the plaintiffs' well-established constitutional rights, the plaintiff requests punitive damages in an amount sufficient to punish said intentional acts and deter such conduct in the future. The plaintiff further ask for judgment that defendants reimburse the plaintiff for his reasonable attorney's fees, expenses, and costs associated with the maintenance of this action, pursuant to 42 U.S.C. § 1988, and all such further relief as the Court may deem just and proper.

Submitted this 14th Day of May, 2018.

   s/Van R. Irion
Van R. Irion (TN BPR#024519)
Law Office of Van R. Irion, PLLC
800 Gay St., Ste. 700
Knoxville, TN 37929
(865) 766-4040
van@irionlaw.com
Attorney for the Plaintiff