UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM STRASER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   3:18-cv-187 |
| | ) | Judge Phillips |
| CITY OF ATHENS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff William Straser and the City of Athens, Tennessee ("the City"), have been engaged in an ongoing dispute regarding the location of the carport attached to his house. As set forth in his initial complaint, plaintiff claims that his constitutional rights to equal protection under the Fifth and Fourteenth Amendments to the U.S. Constitution have been violated by the City, Gene McConkey, the Building Inspector for the City of Athens, and Chris Trew, the Athens City Attorney [Doc. 1 at ¶¶ 22—28].[1]

The defendants filed a motion for summary judgment as to all claims with a supporting memorandum, exhibits, and depositions excerpts [Docs. 24, 25]. The plaintiff has responded in opposition to the motion for summary judgment [Doc. 30], and he has also moved to amend his complaint [Docs. 29, 34] to assert only a claim for declaratory

---

[1]As noted by the defendants, both the original complaint and the proposed second amended complaint purport to assert a claim for equal protection guaranteed under the Fifth Amendment, such a claim is applicable only to the federal government and the plaintiff has asserted no claims against a federal governmental entity or official. *See Koenigs, L.L.C. v. City of Savannah, Tenn.*, No. 1:17-cv-01109-STA-egb, 2018 WL 661500, at *4 (W.D. Tenn. Feb. 1, 2018).

relief against Mr. Trew. The defendants have opposed the motion to amend [Doc. 33] and replied in support of summary judgment [Doc. 32].

Thus, sifting through the back-and-forth of these pleadings, it appears that plaintiff concedes that summary judgment is appropriate as to his claims against the City and Mr. McConkey [Doc. 30 at p.1]. The plaintiff also agrees to the dismissal of any claim for damages [*Id*.; Doc. 29 at p. 2], but seeks to amend his complaint to proceed on a sole claim for declaratory and injunctive relief against Mr. Trew.[2] The defendants contend that the proposed amendment is futile and brought in bad faith. Thus, the Court must consider whether plaintiff's proposed claim against Mr. Trew would survive a motion to dismiss.

## I.    Relevant Facts

The City has a zoning ordinance that requires a front 30-foot property line setback [Docs. 1-11, 24-2]. In 2009, plaintiff spoke with two City employees in the Community Development Department to discuss his plans to pour a new driveway and put up a carport [Doc. 1 at ¶¶ 7, 8]. The City employees did not inform plaintiff of any setback requirements and he proceeded with his construction in late 2009 [*Id*. at ¶¶ 7—9]. Plaintiff estimates that his carport is approximately 17 feet from the roadway [Doc. 24-4 at p. 27].

---

[2]As noted by defendants [Doc. 32 at p. 1, n.1], the proposed second amended complaint [Doc. 29-1] asserts that Mr. Trew is sued in both his individual and official capacity as the City Attorney [Doc. 29-1 at ¶ 4]. It is well settled that official capacity claims are "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, because plaintiff has conceded that summary judgment is appropriate as to the City, his claim against Mr. Trew in his official capacity should also be dismissed.

In 2016, a Muslim neighbor, Mr. Jatoi, was cited for violating the Athens zoning ordinance as to the location of his carport and Mr. Jatoi accused the City of selectively targeting him because of his race and/or religion [Doc. 1 at ¶¶ 10—13]. Mr. Jatoi applied for a variance, but his request was denied and the City successfully prosecuted his ordinance citation. Plaintiff claims he had no knowledge of the citation of Mr. Jatoi's carport or Mr. Jatoi's accusation that he was prosecuted because of his religion until 2017.

Beginning in May 2011 and continuing sporadically through February 2017, plaintiff received four letters from the City notifying him that the carport was in violation of the 30-foot setback and it would need to be relocated or removed [Doc. 24-2]. In April 2017, plaintiff received a citation from the Athens Police Department [Doc. 1-11]. After receiving the citation, plaintiff hired attorney Randy Rogers to assist him in resolving the matter with the City [Doc. 1 at ¶ 17]. During a telephone call between Mr. Rogers and Mr. Trew, Mr. Trew stated that he would not ask the City to dismiss the citation because he believed that plaintiff's carport was in violation and also because he did not want to be accused of giving plaintiff preferential treatment [Doc. 24-6 at pp. 5—6]. Plaintiff recalls Mr. Trew stating that the City "had trouble with a Muslim" [Doc. 24-4 at p. 24] and this was the first time he learned of the dispute between Mr. Jatoi and the City.

The City of Athens Police Department issued plaintiff a citation on April 25, 2017, asserting that his carport was in violation of the City's zoning ordinance [Doc. 1-11]. The Athens Municipal Court ruled in favor of the City and plaintiff has appealed the decision to the Circuit Court for McMinn County, Tennessee, where it is currently pending [Doc. 25 at p. 3].

Based primarily on the conversation between Mr. Trew and Mr. Rogers, plaintiff believes he has been discriminatorily targeted because of his religion, Christian [Doc. 1 at ¶ 17; Doc. 24-4 at p. 31]. Alternatively stated, plaintiff believes that his constitutional rights have been violated so the City can prove that it did not discriminate against Mr. Jatoi because he is Muslim: "they jumped me to even it up with a Muslim" [Doc. 24-4 at p. 25].

## II.     Standard of Review

As previously noted in this case, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). A proposed amendment is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). For purposes of the instant motion, the Court will consider the evidence submitted in support of summary judgment. *See* Fed. R. Civ. P. 12(d).

Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir.

1993).  All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).  "Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. 317).  To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law.  *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder.  *Id.* at 250.  The Court does not weigh the evidence or determine the truth of the matter.  *Id.* at 249.  Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479—80 (6th Cir. 1989).  Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.

### III. Analysis

The proposed amendment asserts that Mr. Trew has violated plaintiff's equal protection rights by enforcing the zoning ordinance against him based on plaintiff's race and/or religion [Doc. 29-1 at ¶¶ 27—33].[3]  As outlined by the defendants, a claim of selective enforcement can arise when an otherwise valid law is enforced as a means of violating constitutional rights by invidious discrimination.  *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).  In order to prove a claim of selective enforcement, a plaintiff must plead "purposeful discrimination," that is, discrimination intended to accomplish a "forbidden aim" such as intentional selective enforcement because of race or religion.  *Id.* at 319.  The elements for establishing such a claim are as follows:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations.  Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Id.* (quoting *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991).

As to the first element, "it is an absolute requirement that the plaintiff make at least a *prima facie* showing that similarly situated persons outside [his] category were not prosecuted."  *Id.* (quoting *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997). Further, state actors are entitled to "a strong presumption" that they have properly discharged their official duties that can only be overcome with "clear evidence to the

---

[3]Plaintiff has testified that he does not believe he was discriminated against because of his race [Doc. 24-4 at pp. 30—31].

contrary." *Id.* Plaintiff unequivocally claims that the City's zoning ordinance was enforced against him because of his religion, Christian, or alternatively, because he is not Muslim [Doc. 24-4 at p. 25]. Plaintiff admittedly has presented no information that the ordinance was not enforced against other non-Christians.[4] The only comparator which plaintiff raises is the City's prosecution of the same ordinance violation against Mr. Jatoi, who is Muslim and who accused the City of prosecuting him because he is Muslim. Thus, plaintiff and Mr. Jatoi received the same treatment from the City and Mr. Trew for being in violation of the City's setback ordinance. Plaintiff's argument falls far short of the "demanding" standard required for the first element of selective enforcement claims. *See Gardenhire*, 205 F.3d at 319.

Assuming that plaintiff could meet the first element of selective enforcement, he has no evidence that Mr. Trew initiated the prosecution of the ordinance with a discriminatory purpose. In support of this element, plaintiff relies on the telephone conversation between his previous attorney, Mr. Rogers, and Mr. Trew in May 2017 and in particular his recollection that Mr. Trew stated, "we had trouble with a Muslim" [Doc. 24-4 at p. 24]. Even if Mr. Trew made that statement, the record reflects that the substance

---

[4]In opposition to the motion for summary judgment, plaintiff has submitted a handwritten list of addresses that purports to be other "structures in apparent violation of the same zoning ordinance" [Doc. 30 at p. 9; Doc. 30-1]. However, plaintiff has submitted no deposition testimony or affidavit authenticating this exhibit and inadmissible evidence will not be considered on a motion for summary judgment. Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible evidence."); *see Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) ("Hearsay evidence may not be considered on summary judgment"). Moreover, plaintiff has testified that he doesn't know whether other City residents have received violation letters or not or whether other Christians have been discriminated against by the City [Doc. 24-2 at pp. 29, 31]. Thus, even if the evidence was admissible, it does not prove discriminatory enforcement of the setback ordinance.

of this conversation was that the City would not give plaintiff preferential treatment or make an exception for him.  Mr. Rogers similarly recalled Mr. Trew's position that, first, "he [Trew] felt like Mr. Straser was in violation," and second, he [Trew] couldn't "treat him [Straser] specially" because "other people … are looking at their violations too" [Doc. 24-5 at pp. 8—10].  Mr. Trew recalled telling Mr. Rogers, "[w]e can't treat your client any different than we treated that gentleman" [Doc. 24-6 at p. 5].  Thus, there is no testimony that plaintiff was being treated differently or singled out because of his religion.  Indeed, the evidence demonstrates an absence of discriminatory purpose in the prosecution of plaintiff's ordinance violation.

Finally, there is simply no evidence that the City's enforcement of the zoning ordinance has had a discriminatory effect on Christians within the City of Athens.  Plaintiff testified that he is unaware of any other Christians that have been discriminated against by the City of Athens [Doc. 24-4 at p. 31].  He further acknowledges that the City has enforced the ordinance against at least one Christian (him) and one Muslim (Mr. Jatoi) [*Id*. at p. 25].  Thus, plaintiff has presented no evidence of the third element required for a selective enforcement claim.

Perhaps because he cannot meet any of the elements of a selective enforcement claim, plaintiff argues that the *Gardenhire* elements should not apply to him because he is a single individual arguing reverse discrimination case, a unique "case of first impression" [Doc. 30 at pp. 4—5].  As defendants point out, plaintiff has cited no authority which would instruct this Court to ignore controlling Sixth Circuit precedent.  Indeed, the elements for selective enforcement claims were recently affirmed by the Sixth Circuit in *Bowman v.*

*City of Olmsted Falls*, 756 F. App'x 526, 530 (6th Cir. 2018). Much like the instant case, *Bowman* involved an individual plaintiff who challenged the enforcement of various city ordinances against his property and who asserted that the City of Olmsted and its Chief Building Officer had violated his constitutional rights to equal protection. *Id*. at 527. Also, much like the instant case, Mr. Bowman had no evidence that any similarly situated persons "outside his category" were not prosecuted. *Id*. at 530.

Much like the plaintiff, Mr. Bowman also argued that he was a "class of one" for purposes of a selective enforcement claim. In order to present a "class of one" claim, a plaintiff must demonstrate that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the differing treatment. *Id*. (citing *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 549 (6th Cir. 2007); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In the instant case, plaintiff has presented no evidence that others similarly situated have been treated differently by Mr. Trew. Instead, the undisputed evidence demonstrates that plaintiff has been treated the same as Mr. Jatoi – both were prosecuted for violating a City ordinance on setbacks. Nor has plaintiff presented any evidence that the prosecution of his ordinance violation lacked a rational basis. In sum, plaintiff cannot establish a claim of selective enforcement against Mr. Trew regardless of the remedies sought.

## IV.     Conclusion

Because plaintiff's claim against Mr. Trew cannot withstand the pending motion for summary judgment, the Court finds that his motion to amend [Doc. 29] is futile and will

be **DENIED**.  In light of plaintiff's concession that summary judgment is appropriate as to the City of Athens and Mr. McConkey [Doc. 30 at p. 1], the only remaining question is whether summary judgment is appropriate as to Mr. Trew on the claims asserted in the original complaint.  The original complaint also asserts a claim of selective enforcement against Mr. Trew, but seeks damages in addition to declaratory and injunctive relief [Doc. 1 at ¶ 28].  Thus, for the same reasons as set forth above, summary judgment is appropriate on this claim and the defendant's motion [Doc. 24] will be **GRANTED**.  An appropriate order will enter.

   s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE